

Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TINA LEA RANDLETT, | ) | Case No.: 3:21-bk-00420 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| A.M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AP No.: 3:21-ap-00025 |
| | ) | |
| TINA LEA RANDLETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion for summary judgment in the above-captioned adversary proceeding wherein A.M. (the "Plaintiff") seeks a determination that her claim is nondischargeable. Specifically, the Plaintiff holds a West Virginia state court judgment in the amount of $1,830,395.30 for sexual crimes perpetrated against her by non-debtors and for which the state court held Tina Lea Randlett (the "Debtor") jointly and severally liable under W. Va. Code § 55-7-13. Accordingly, the Plaintiff alleges this amount to be nondischargeable in accordance with 11 U.S.C. § 523(a)(6). The Plaintiff now seeks summary judgment, relying on the state court default judgment to support a finding that there is no genuine dispute of material fact in the proceeding. Debtor, representing herself pro se, denies all accusations.

For reasons stated here, the court will deny the Plaintiff's motion for summary judgment and will set further proceedings to assess the viability of the claims in this adversary proceeding.

1

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

## II.  BACKGROUND

The facts here cannot be disputed as they are memorialized in a judgment, albeit by default, entered by the Circuit Court of Jefferson County, West Virginia (the "State Court"). On April 23, 2016, the Plaintiff was sixteen years of age. She was invited to the Debtor's home in Jefferson County, where the Debtor purchased and provided alcohol to the Plaintiff and several other people ages sixteen to twenty-one. At some point in the night, the Plaintiff became "highly intoxicated" and was carried to a bedroom in the Debtor's home by three men who then sexually assaulted her.[1]

---

[1] According to the court's order, the three men — not parties to this action — were all charged and criminally prosecuted for sexual assault and conspiracy to commit sexual assault.

After several years of suffering the traumatic aftereffects of the assault, the Plaintiff filed the aforementioned state court action naming the Debtor as a defendant, among others. The Plaintiff purportedly served all parties and each failed to respond,[2] eventually resulting in a default judgment for the Plaintiff. Accordingly, the State Court accepted as true the facts plead by the Plaintiff. Notably, the Debtor stated at a prior hearing that the Plaintiff served her at an old address and she never received the underlying complaint despite the Plaintiff's assertion that personal service was effectuated on November 29, 2019.

Although the Plaintiff did not allege that the Debtor personally participated in the sexual assault, the State Court noted the impact of her actions in the events leading up to it.[3] Of note, and presumably what the Plaintiff rests her motion for summary judgment on, the State Court found that although the Debtor "had a duty to keep [the Plaintiff] safe from harm while [the Plaintiff] was in her home, she created a condition that directly led to the rape of [the Plaintiff]."[4] On the

---

[2] Except for one of the five defendants, Zachary Price, who settled with the Plaintiff and dismissed all claims against him with prejudice. The default judgment relates to the remaining four defendants, including the Debtor.

[3] Specifically, the court cited violations of two West Virginia statutes regarding supplying alcohol to a minor and contributing to child delinquency. Neither statute contains an intent element and, to the court's knowledge, the Debtor was never criminally charged for violating either. The first statute reads that
> Any person who shall knowingly buy for, give to or furnish nonintoxicating beer, upon which the West Virginia barrel tax has not been imposed, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined an amount not to exceed $100 or confined ten days in jail, or both fined and imprisoned. The untaxed nonintoxicating beer found in the person's possession shall be confiscated.

W. Va. Code § 11-16-19(c). The second statute reads, in part,
> A person who by any act or omission contributes to, encourages or tends to cause the delinquency or neglect of any child, including, but not limited to, aiding or encouraging any such child to habitually or continually refuse to respond, without just cause, to the lawful supervision of such child's parents, guardian or custodian or to be habitually absent from school without just cause, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty nor more than five hundred dollars, or imprisoned in the county jail for a period not exceeding one year, or both fined and imprisoned.

W. Va. Code § 49-7-7(a).

[4] The Plaintiff states in her pleadings that the state court held the Debtor had willfully and maliciously caused injury to the Plaintiff. This statement appears misplaced as to the Debtor, as the court was discussing the three men criminally charged when it found "that the rapes were intentional and with actual malice." The court distinguished the Debtor, saying "Although [the Debtor] did not rape [the Plaintiff], she is no less responsible" and goes on to cite the previously mentioned West Virginia statutes she violated. For purposes of this nondischargeability proceeding, this Court's reading of the Jefferson County default judgment attributes the "intentional and with actual malice" language only to the three men criminally charged, and not the Debtor. Later language contained in the judgment grouped all defendants as having acted with "actual malice" and "conscious, reckless and outrageous indifference to the health, safety and welfare of [the Plaintiff] for the purpose of holding them jointly and severally liable under W. Va. Code § 55-7-13c(h)(2).

3

five-year anniversary of the night in question, the court awarded total damages of $1,830,000.00 with interest. Three months later, the Debtor filed for Chapter 7.

The Plaintiff now objects to discharge under 11 U.S.C. § 525(a)(6) and seeks summary judgment. The Plaintiff's complaint repeats the state court proceedings but does not add anything further. The pro se Debtor's handwritten response to the motion is of little help to the court, but notably denies all accusations relating to the events on April 23, 2016 and seeks relief.[5]

### III.    DISCUSSION

The Bankruptcy Code offers "broad provisions for the discharge of debts, subject to exceptions." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018). The exceptions are limited and accordingly must be narrowly construed to err on the side of giving the debtor a fresh start. *Kabuto Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Larnder v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)). The primary focus of this proceeding, 11 U.S.C. § 523(a)(6), is one such exception.

Any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge in bankruptcy. 11 U.S.C. § 523(a)(6). Acts which are negligent or reckless do not result in an injury which is willful and malicious for the purposes of the Bankruptcy Code. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328 (1934)). To succeed in arguing a debt is nondischargeable, the Plaintiff bears the burden of proving three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the Plaintiff's person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious. *Wallace v. Frye (In re Frye)*, No. 3:20-bk-00174, 2020 Bankr. LEXIS 3419 (Bankr. N.D.W. Va. Dec. 8, 2020) (quoting *Harrold v. Rader (In re Raeder)*, 409 B.R. 373, 383 (Bankr. N.D.W. Va. 2009)).

While the parties reference no caselaw addressing § 523(a)(6), there is a plethora of authority interpreting the "willful and malicious" language from this court and its sister courts. In the Fourth Circuit, willful is defined as an act taken with "substantial certainty [that] harm [would result] or a subjective motive to cause harm. *Parson v. Parks (In re Parks)*, 91 Fed. Appx. 817 (4th

---

[5] In Debtor's single-page, handwritten response, she states only that she is "not guilty of the accusations" and is "a law abiding citizen." She presents no evidence in opposition to the Plaintiff's motion beyond outright denial of the accusations. The court continues to encourage the Debtor to seek counsel.

Cir. 2003); *Jacques v. Hoak (In re Hoak)*¸ No. 16-bk-170, 2017 Bank. LEXIS 54 (Bankr. N.D.W. Va. Jan. 9, 2017) (holding that a debt relating to a conviction for voluntary manslaughter was nondischargeable because the shooting was not justified and brought substantial certainty that death would occur as a result).[6]

Most recently, this court addressed nondischargeability of a judgment arising from a dog bite in Jefferson County where the debtors were aware of their dog's propensity towards violence. *Frye*, 2020 Bankr. LEXIS 3419. Although the dog had previously bitten a child, the debtors left the dog unattended in their yard. *Id.* at *2. The dog attacked the neighbors' child, leading to a civil suit in the same state court as the Plaintiff here. *Id.* at *2-3. After the debtors failed to respond, the State Court rendered a default judgment in excess of $46,000. *Id.* at *3. This court, citing the failure to properly supervise the dog in light of the known risk it posed to others, declined to dismiss the nondischargeability claim for further proceedings because the "[d]ebtors' actions were beyond mere negligence." *Id.* at *12.

Sister courts of the Fourth Circuit have further held that the required elements of § 523(a)(6) cannot be established by inference. *In re Long*, 528 B.R. 655 (Bankr. W.D. Va. 2015); *Moreno v. Basl (In re Basl)*, No. 17-04495-KLP, 2018 Bank. LEXIS 1164 (E.D. Va. Apr. 18, 2018). The court in *In re Long* held that a criminal offense by itself does not imply that the offense was committed with the intent to willfully and maliciously cause an injury.[7] 528 B.R. at 656. The *Long* court found that presenting the record from a state court criminal conviction where the element of intent had not been assessed, coupled with counsel's failure to present further evidence

---

[6] This case provides a prime example that "[a]lthough the exception to discharge under § 523(a)(6) is generally associated with intentional torts, it includes actions where the debtor knows the consequences flowing from the alleged act are certain, or are substantially certain to occur." *Hoak*, 2017 Bankr. LEXIS 54 at *9 (citing *In re Long*, 774 F.2d 875, 881 (8th Cir. 1985)).

[7] The court explicitly disagreed with opinions from Alaska and Missouri that held the opposite. In *Fleetwood*, the court held that "where the damages arise from sexual abuse, willfullness is apparent because the subjective motive to inflict harm is 'self evident . . . .'" *Doe v. Fleetwood (In re Fleetwood)*, A12-00113-GS, 2013 Bankr. LEXIS 2031 (Bankr. D. Alaska May 17, 2013). The Missouri court similarly held that conviction for molestation on its own satisfied the required elements in § 523(a)(6). *T.K. v. Love (In re Love)*, 347 B.R. 362 (Bankr. W.D. Mo. 2006). The *In re Long* court disagreed with both these holdings. *See also Hagmaier v. Cooley (In re Cooley)*, 551 B.R. 498 (Bankr. W.D. Okla. 2016) (the "Court can only act within the confines of Section 523(a)(6) as interpreted by the U.S. Supreme Court in *Geiger*, which requires not just an intentional act but an intentional injury.").

5

as to intent was insufficient to meet the required burden.[8] *Id.* at 663-64. Accordingly, it falls upon the Plaintiff to present sufficient evidence for the court to conclude that the required elements have been met.[9]

While the Debtor's response was minimal and predominantly obscure, for the purpose of evaluating a motion for summary judgement, it is worth noting that the Debtor denies all accusations made by the Plaintiff, on which the judgment depends. Without analyzing whether there is a genuine dispute of material fact, summary judgment is not appropriate at this time.

As previously stated, it appears to the court that the Plaintiff is attempting to conflate the State Court's "intentional and with actual malice" language regarding the three men who committed the sexual acts with the Debtor's actions. The three men criminally charged have not filed bankruptcy in this district and are not parties to this nondischargeability proceeding. The Plaintiff additionally relies upon language later in the judgment which states that "damages suffered by Plaintiff were the result of the conduct that was carried out by the defendants with actual malice toward the Plaintiff and a conscious, reckless and outrageous indifference to the health, safety and welfare of her." The Plaintiff's argument insinuates that this language, coupled with the finding of joint and several liability under W. Va. Code § 55-7-13c(h), supports the reading that the Debtor participated in criminal acts, but the record currently before the court does not reinforce this conclusion.

With this in mind, the analysis is decidedly straightforward. As the evidence is currently presented, this court is not convinced that the Plaintiff is entitled to judgment as a matter of law, primarily because the Plaintiff has failed to proffer evidence that the Debtor's actions "were

---

[8] The conviction was for statutory rape and thus an intent analysis was not previously conducted. Accordingly, it was necessary for counsel in the nondischargeability action to present evidence relating to the intent element. *In re Long*, 528 B.R. at 662.

[9] While she does not explicitly reference the doctrine of *res judicata*, the Plaintiff's exclusive reliance on the state court judgment leads this court to believe that the doctrine is asserted here. *Res judicata* prohibits re-litigation of "further claims by parties or their privies based on the same cause of action" if a final decision has already been rendered. *Nicewander v. Nicewander*, 634 B.R. 524 (Bankr. S.D.W. Va. 2021) (quoting *Brown v. Felsen*, 442 U.S. 127 (1979)). Although claim preclusion generally applies in bankruptcy, one narrow exception is in the nondischargeability context. *Felsen,* 442 U.S. at 138-39. The court need not delve into a *res judicata* analysis at this time, but only notes that the required elements here were not previously litigated, at least not as to the Debtor in this proceeding. The only two counts relating to the Debtor (Count III and IV) in Plaintiff's complaint in State Court were for negligence and negligent infliction of emotional distress.

beyond mere negligence."[10] Indeed, nothing in the State Court complaint or the ensuing judgment supports a finding here that the injury at issue was willful vis-à-vis the Debtor. Non-dischargeability under § 523(a)(6) requires that a debtor intend the injury and there is no evidence, circumstantial or otherwise, upon which the court can make that finding at this stage of the proceeding. Unless evidence is further developed, the Debtor at worst acted negligently in providing alcohol to a minor. To some extent, this contributed to the atrocity that occurred later in the night, carried out by non-parties to the bankruptcy case.[11] However, the Plaintiff does not allege that the Debtor personally participated in the criminal acts, had any knowledge of any conspiracy thereof, nor was even present at the home when the criminal acts occurred.

Accordingly, this court cannot grant summary judgment to the Plaintiff at this time. In light of the evidence currently available, the judgment as it relates to the Debtor in this case does not appear to be excepted from discharge under § 523(a)(6). With that said, the court will order further proceedings to allow the parties to conduct necessary discovery and develop evidence if they choose to do so. In accordance with the aforementioned caselaw, there may be a scenario where the Debtor's actions would result in the judgment being nondischargeable, but that scenario is not before the court based on the current record. In considering the evidence currently before the court, the Plaintiff's motion for summary judgment is denied.

### IV.    CONCLUSION

For the foregoing reasons, the court finds it appropriate to deny the Plaintiff's motion for summary judgment. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Back. P. 7058, the court will enter an order stating as much and will set further proceedings on the matter.

---

[10] *In re Long*, 528 B.R. at 656.

[11] The court is cognizant that the crimes allegedly occurred in the Debtor's home and while this *may* have some legal implications, the Plaintiff has failed to point to authority, under West Virginia law or an existing homeowner's insurance policy, which would incorporate that fact into this analysis.